**Motion Denied and Order Filed July 14, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00461-CV
_____

## HSIN-CHI-SU AKA NOBU SU, Appellant

## V.

## VANTAGE DRILLING COMPANY, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2012-47755**

## ORDER

This is an interlocutory appeal of an order granting a temporary injunction signed on June 11, 2014. Appellant, Hsin-Chi-Su aka Nobu Su, filed his notice of appeal on June 12, 2014. Briefing in this court was completed on August 15, 2014. The case was submitted after oral argument on November 19, 2014. On May 28, 2015, Su filed a motion to vacate the injunction and dismiss the appeal. The court requested a response, which appellee, Vantage Drilling Company, filed on June 11, 2015. Su filed a reply on June 22, 2015.

The motion concerns post-submission proceedings in the trial court. On January 16, 2015, Su filed a motion in the trial court to compel arbitration. Vantage opposed the motion to compel arbitration on two main grounds: (1) Su is not a party to the agreements containing the arbitration clauses on which he relied, and (2) Su waived his right to arbitration. On February 6, 2015, the trial court orally granted Su's motion to compel. On February 13, 2015, Vantage sent a letter to the trial court, on which Su relies heavily in his motion in this court as concessions by Vantage. The letter says, in substance, that in the interest of obtaining a substantive resolution of its claims, Vantage was withdrawing its objections to arbitration of its claims against Su relating to a particular contract. On February 20, 2015, the trial court signed an order granting Su's motion to compel arbitration.

In his motion in this court, Su argues that, because the claims at issue in this appeal are subject to arbitration, only the arbitration panel may issue an injunction concerning those claims, though he does not appear to suggest the arbitration panel has exclusive jurisdiction. He asks us to vacate the injunction and dismiss the appeal. Vantage's response focuses on Su's alleged history of forum shopping and taking inconsistent positions. From the motion, response, and reply in this court, it is clear the parties disagree as to what occurred in the trial court in connection with the motion to compel arbitration. They also disagree as to which claims, if any, are subject to arbitration and whether Su waived his right to arbitration.

Su's request to dismiss the appeal comes nine months after briefing was completed and six months after oral argument. The request is based on a motion filed in the trial court seven months after the appeal began. The parties dispute the nature and effect of events that occurred in the trial court while this appeal has been pending. The court is not in a position to resolve the parties' disputes surrounding arbitration, even if it were appropriate to do so at this stage, because

2

the appellate record before us concerns only the temporary injunction order signed seven months before Su sought to compel arbitration and does not contain arbitration-related pleadings. The parties' dispute about the effect, if any, of arbitration proceedings on the previously granted temporary injunction is best addressed in the first instance in the trial court.

Accordingly, Su's motion to vacate the injunction and dismiss the appeal is DENIED.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.